# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE F. RATHY, SR.,            )
                                 )   Civil Action No. 13 - 72
            Plaintiff,           )
                                 )   District Judge Cathy Bissoon
       v.                        )   Chief Magistrate Judge Lisa Pupo Lenihan
                                 )
COMMONWEALTH OF                  )
PENNSYLVANIA DEPARTMENT          )
OF CORRECTIONS, *et al.*,        )
                                 )
            Defendants.

## ORDER

Pending before the Court is an Amended Complaint and attached documents filed by Plaintiff on May 2, 2013. (ECF No. 12.) The Amended Complaint will be stricken for the reasons set forth below.

Plaintiff's original complaint in this matter was docketed on February 26, 2013. (ECF No. 3.) In that complaint, he named eight defendants: The Commonwealth of Pennsylvania Department of Correction; The Central Office Inmate Disability Accommodation Committee (COIDAC); Brian H. Thompson, Superintendent of SCI-Mercer; Kimberly Boal, CHCA of SCI-Mercer; Dr. Scott Morgan; Dr. Y. Alex Suvorov; Dr. Stuart Steinberg; and Mr. Burt Brocklehurst, Unit Manager at SCI-Mercer. In that complaint, he claimed that Defendants were deliberately indifferent to his health by not approving him for a single, handicap cell and approving removal of a cataract from his left eye and scratches from his right eye. He also alleged violations of Title II of the Americans with Disabilities Act and the Rehabilitation Act. Prior to service on the Defendants, Plaintiff filed a Motion to Amend/Correct his complaint.

(ECF No. 10.) The undersigned denied the motion without prejudice stating, in pertinent part, as follows:

> Plaintiff filed a civil action in which he named as defendants the Commonwealth of Pennsylvania, Department of Corrections and 7 other entities or individuals. (Plaintiff is advised that Defendants identified in the body of the Complaint are considered to be Defendants regardless of whether they are named in the caption or not). The complaint has not been served because he only provided service copies for one defendant. He now moves to ask the court to remove some of the named defendants in his lawsuit. The court cannot comply with this request. Plaintiff is, however, granted leave to file an Amended Complaint listing the defendants he wishes to name. He is cautioned that the defendants must appear both in the caption and in the body of the complaint. The Amended Complaint must contain all of his claims and must be filed no later than April 1, 2013.

(Text Order dated March 15, 2013.) Plaintiff submitted numerous documents in response to this Order, which he apparently intends the Court to construe as his Amended Complaint. (ECF No. 12.) Upon review, however, the undersigned finds that Plaintiff has failed to comply with the Court's Order and his Amended Complaint should be stricken and returned to him.

First, Plaintiff was expressly informed that his Amended Complaint must contain all of his claims against all defendants he intends to name. Plaintiff did not do this but instead filed what appears to be an amendment only as to counts three through six of his original complaint and appears to add the following new defendants: John Wetzel, Secretary of Corrections; James Oppmen, Principal at SCI-Mercer; Colleen Mojock, Librarian Supervisor at SCI-Mercer; and Linda DeForest, Librarian at SCI-Mercer. Plaintiff has also filed a "Certificate of Compliance" wherein he indicates that he is amending the caption to counts one and two of his original complaint and attaches pieces of his original complaint apparently to demonstrate the new caption.

The Court will not allow Plaintiff to amend his complaint in such a piecemeal fashion. An amended complaint is an all-inclusive complaint and must contain all claims against all

defendants. It is a stand-alone document and should not refer back to the original complaint. Once it is filed, it will completely replace the previous complaint and will become the operative complaint in this matter. Put another way, there must be only **one** operative complaint that contains **all** of Plaintiff's allegations against **all** defendants in this case. Therefore, Plaintiff's Amended Complaint shall be stricken and Plaintiff is given until May 24, 2013 to file a new complete Amended Complaint. The Clerk of Court shall return Plaintiff's Amended Complaint (ECF No. 12) and attached documents in case Plaintiff needs to refer to them or resubmit the exhibits in support of his new Amended Complaint.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.

**IT IS HEREBY ORDERED** this 8th day of May, 2013, that Plaintiff's Amended Complaint (ECF No. 12) is **STRICKEN**. The Clerk of Court is directed to return Plaintiff's Amended Complaint and supporting documents to him at his address of record.

**IT IS FURTHER ORDERED** that Plaintiff shall have until May 24, 2013 to file a new Amended Complaint that complies with the Court's instructions.

By the Court:

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: George F. Rathy, Sr.
    GN1226
    801 Butler Pike
    Mercer, PA  16137
    (Via First Class U.S. Mail)